## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF MISSOURI, and STATE OF NEBRASKA, | CASE NO.: 1:09-cv-02268 |
| *Plaintiffs,* | JUDGE: Hon. John D. Bates |
| v. | DECK TYPE: Antitrust |
| STERICYCLE, INC., ATMW ACQUISITION CORP., MEDSERVE, INC., and AVISTA CAPITAL PARTNERS, L.P., | DATE STAMP: |
| *Defendants.* | |

**FILED**

**APR 3 0 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## FINAL JUDGMENT

WHEREAS, plaintiffs, the United States of America, the State of Missouri, and the State of Nebraska, filed their Complaint on November 30, 2009; plaintiffs and defendants, Stericycle, Inc. and ATMW Acquisition Corp., and MedServe, Inc. and Avista Capital Partners, L.P., by their respective attorneys, have consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law; and without this Final Judgment constituting any evidence against or admission by any party regarding any issue of law or fact;

AND WHEREAS, defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

AND WHEREAS, the essence of this Final Judgment is the prompt and certain divestiture of the Divestiture Assets to assure that competition is not substantially lessened;

AND WHEREAS, the United States requires defendants to make certain divestitures for the purpose of remedying the loss of competition alleged in the Complaint;

AND WHEREAS, defendants have represented to the United States that the divestitures required below can and will be made, and that defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the divestiture provisions contained below;

NOW, THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION

This Court has jurisdiction over the subject matter of and each of the parties to this action.  The Complaint states a claim upon which relief may be granted against the defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended.

## II. DEFINITIONS

As used in this Final Judgment:

A.      "Acquirer" means the entity to which defendants shall divest the Divestiture Assets.

B.      "Stericycle" means defendant Stericycle, Inc., a Delaware corporation with its principal place of business in Lake Forest, Illinois, and ATMW Acquisition Corp. (a corporation formed to facilitate the acquisition), and their successors, assigns, subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and all of their directors, officers, managers, agents, and employees.

C.      "MedServe" means defendant MedServe, Inc., a Delaware corporation with its principal place of business in Bellaire, Texas, and Avista Capital Partners, L.P. formed to

2

facilitate the acquisition, and their successors, assigns, subsidiaries, divisions, groups, affiliates,

partnerships, and joint ventures, and all of their directors, officers, managers, agents, and

employees.

     D.    "Infectious Waste" means regulated medical waste that is generated in the

diagnosis, treatment, or immunization of human beings or animals and that has come into contact

with bodily fluids, and "sharps" waste, such as syringes and scalpels.

     E.    "Treatment" means the sterilization of infectious waste at a state-approved

treatment facility, including the use of transfer stations to facilitate the shipment of infectious

waste to other treatment sites.

     F.    "Large Quantity Generator Customer" or "LQG Customer" means any customer

that spends $1000 or more per month on infectious waste collection and treatment services.

     G.    "Divestiture Assets" means:

        1.    The following facilities:

            a.    MedServe's Newton, Kansas autoclave facility, located at 1021 South Spencer Avenue, Newton, Kansas, 67114;

            b.    MedServe's Kansas City, Kansas transfer station, located at 200 Funston Road, Suite B, Kansas City, Kansas, 66115;

            c.    MedServe's Oklahoma City, Oklahoma transfer station, located at 8800 SW 8th Street, Oklahoma City, Oklahoma, 73128;

            d.    MedServe's Omaha, Nebraska transfer station, located at 13824-C Plaza, Omaha, Nebraska, 68144; and

3

  e.  MedServe's Booneville, Missouri transfer station, located at 680

      Al Bersted Drive, Booneville, Missouri, 65233;

2.  All tangible assets at the MedServe facilities listed in Paragraph II(G)(1),

   including all research and development activities, equipment, and fixed

   assets, real property (leased or owned), equipment, personal property,

   inventory (containers), office furniture, materials, supplies, on- or off-site

   warehouses or storage facilities; all licenses, permits, and authorizations

   issued by any governmental organization relating to the facilities; all lists

   of MedServe LQG customers; all MedServe LQG customer contracts,

   accounts, and credit records; all other records; and all trucks and other

   vehicles assigned to the facilities as of May 9, 2009; and

3.  All intangible assets associated with the MedServe facilities listed in

   Paragraph II(G)(1), including, but not limited to, all contractual rights,

   patents, licenses and sublicenses, intellectual property, technical

   information, computer software (including waste monitoring software and

   management information systems) and related documentation, know-how,

   trade secrets, drawings, blueprints, designs, design protocols,

   specifications for materials, specifications for parts and devices, safety

   procedures for the handling of materials and substances, quality assurance

   and control procedures, design tools and simulation capability, all manuals

   and technical information provided to employees, customers, suppliers,

   agents or licensees.

4

### III. APPLICABILITY

A.       This Final Judgment applies to Stericycle and MedServe, as defined above, and all

other persons in active concert or participation with either of them, who receive actual notice of

this Final Judgment by personal service or otherwise.

B.       If, prior to complying with Sections IV and V of this Final Judgment, defendants

sell or otherwise dispose of all or substantially all of their assets or of lesser business units that

include the Divestiture Assets, they shall require the purchaser to be bound by the provisions of

this Final Judgment. Defendants need not obtain such an agreement from the Acquirer of the

assets divested pursuant to this Final Judgment.

### IV. DIVESTITURES

A.       Defendants are ordered and directed, within ninety (90) calendar days after the

filing of the Complaint in this matter, or five (5) calendar days after notice of the entry of this

Final Judgment by the Court, whichever is later, to divest the Divestiture Assets in a manner

consistent with this Final Judgment to an Acquirer acceptable to the United States in its sole

discretion, after consultation with the State of Missouri and the State of Nebraska. The United

States, in its sole discretion, after consultation with the State of Missouri and the State of

Nebraska, may agree to one or more extensions of this time period not to exceed sixty (60)

calendar days in total, and shall notify the Court in such circumstances. Defendants agree to use

their best efforts to divest the Divestiture Assets as expeditiously as possible.

B.       In accomplishing the divestitures ordered by this Final Judgment, defendants

promptly shall make known, by usual and customary means, the availability of the Divestiture

Assets. Defendants shall inform any person making an inquiry regarding a possible purchase of

5

the Divestiture Assets that they are being divested pursuant to this Final Judgment and provide

that person with a copy of this Final Judgment.  Defendants shall offer to furnish to all

prospective Acquirers, subject to customary confidentiality assurances, all information and

documents relating to the Divestiture Assets customarily provided in a due diligence process

except such information or documents subject to the attorney-client privilege or work-product

doctrine.  Defendants shall make available such information to the United States at the same time

that such information is made available to any other person.

    C.  Defendants shall provide the Acquirer and the United States information relating

to the personnel involved in the operation and management of the Divestiture Assets to enable

the Acquirer to make offers of employment.  Defendants shall not interfere with any negotiations

by the Acquirer to employ or contract with any defendant employee whose primary responsibility

is the operation or management of the Divestiture Assets.

    D.  Defendants shall permit prospective Acquirers of the Divestiture Assets to have

reasonable access to personnel and to make inspections of the physical facilities of the

Divestiture Assets; access to any and all environmental, zoning, and other permit documents and

information; and access to any and all financial, operational or other documents and information

customarily provided as part of a due diligence process.

    E.  Defendants shall warrant to the Acquirer that each asset will be operational on the

date of sale.

    F.  Defendants shall not take any action that will impede in any way the permitting,

operation or divestiture of the Divestiture Assets.

G.      Defendants shall warrant to the Acquirer that there are no material defects in the environmental, zoning or other permits pertaining to the operation of the Divestiture Assets, and that following the sale of the Divestiture Assets, defendants will not undertake, directly or indirectly, any challenges to the environmental, zoning, or other permits relating to the operation of the Divestiture Assets.

H.      Unless the United States, after consultation with the State of Missouri and the State of Nebraska, otherwise consents in writing, the divestitures pursuant to Section IV, or by trustee appointed pursuant to Section V, of this Final Judgment, shall be made to a single Acquirer and shall include all the Divestiture Assets, and shall be accomplished in such a way as to satisfy the United States, in its sole discretion, after consultation with the State of Missouri and the State of Nebraska, that the divestitures will achieve the purposes of this Final Judgment and that the Divestiture Assets can and will be used by the Acquirer as part of a viable, ongoing business providing infectious waste collection and treatment services for LQG customers located in Kansas, Missouri, Nebraska, and Oklahoma.  The divestitures, whether pursuant to Section IV or Section V of this Final Judgment:

1.      shall be made to the Acquirer that, in the United States's sole judgment, after consultation with the State of Missouri and the State of Nebraska, has the intent and capability (including the necessary managerial, operational, technical and financial capability) of competing effectively in the business of providing infectious waste collection and treatment services for LQG customers; and

7

2.       shall be accomplished so as to satisfy the United States, in its sole

discretion, after consultation with the State of Missouri and the State of

Nebraska, that none of the terms of any agreement between the Acquirer

and defendants gives defendants the ability unreasonably to raise the

Acquirer's costs, to lower the Acquirer's efficiency, or otherwise to

interfere in the ability of the Acquirer to compete effectively.

### V. **APPOINTMENT OF TRUSTEE**

A.       If defendants have not divested the Divestiture Assets within the time period

specified in Section IV, defendants shall notify the United States of that fact in writing.  Upon

application of the United States, the Court shall appoint a trustee selected by the United States

and approved by the Court to effect the sale of the Divestiture Assets.

B.       After the appointment of a trustee becomes effective, only the trustee shall have

the right to sell the Divestiture Assets.  The trustee shall have the power and authority to

accomplish the divestitures to an Acquirer acceptable to the United States, after consultation with

the State of Missouri and the State of Nebraska, at such price and on such terms as are then

obtainable upon reasonable effort by the trustee, subject to the provisions of Sections IV, V and

VI of this Final Judgment, and shall have such other powers as this Court deems appropriate.

Subject to Section V, Paragraph D, of this Final Judgment, the trustee may hire at the defendants'

cost and expense any investment bankers, attorneys, or other agents, who shall be solely

accountable to the trustee, reasonably necessary in the trustee's judgment to assist in the

divestitures.

C.      Defendants shall not object to a sale by the trustee on any ground other than the

trustee's malfeasance.  Any such objections by defendants must be conveyed in writing to the

United States and the trustee within ten (10) calendar days after the trustee has provided the

notice required under Section VI.

D.      The trustee shall serve at the cost and expense of defendants, on such terms and

conditions as the United States approves, and shall account for all monies derived from the sale

of the assets sold by the trustee and all costs and expenses so incurred.  After approval by the

Court of the trustee's accounting, including fees for its services and those of any professionals

and agents retained by the trustee, all remaining money shall be paid to defendants and the trust

shall then be terminated.  The compensation of the trustee and any professionals and agents

retained by the trustee shall be reasonable in light of the value of the Divestiture Assets and

based on a fee arrangement providing the trustee with an incentive based on the price and terms

of the divestitures and the speed with which it is accomplished, but timeliness is paramount.

E.      Defendants shall use their best efforts to assist the trustee in accomplishing the

required divestitures.  The trustee and any consultants, accountants, attorneys, and other persons

retained by the trustee shall have full and complete access to the personnel, books, records, and

facilities of the business to be divested, and defendants shall develop financial and other

information relevant to such business as the trustee may reasonably request, subject to reasonable

protection for trade secret or other confidential research, development, or commercial

information.  Defendants shall take no action to interfere with or to impede the trustee's

accomplishment of the divestitures.

9

F.      After its appointment, the trustee shall file monthly reports with the United States, the State of Missouri, the State of Nebraska, and the Court setting forth the trustee's efforts to accomplish the divestitures ordered under this Final Judgment.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  Such reports shall include the name, address, and telephone number of each person who, during the preceding month, made an offer to acquire, expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each contact with any such person.  The trustee shall maintain full records of all efforts made to divest the Divestiture Assets.

G.      If the trustee has not accomplished the divestitures ordered under this Final Judgment within six (6) months after its appointment, the trustee shall promptly file with the Court a report setting forth: (1) the trustee's efforts to accomplish the required divestitures; (2) the reasons, in the trustee's judgment, why the required divestitures have not been accomplished; and (3) the trustee's recommendations.  To the extent such reports contain information that the trustee deems confidential, such reports shall not be filed in the public docket of the Court.  The trustee shall at the same time furnish such report to the United States, which shall have the right to make additional recommendations consistent with the purpose of the trust.  The Court thereafter shall enter such orders as it shall deem appropriate to carry out the purpose of the Final Judgment, which may, if necessary, include extending the trust and the term of the trustee's appointment by a period requested by the United States.

## VI. <u>NOTICE OF PROPOSED DIVESTITURES</u>

A.      Within two (2) business days following execution of a definitive divestiture agreement, defendants or the trustee, whichever is then responsible for effecting the divestitures required herein, shall notify the United States, the State of Missouri, and the State of Nebraska of any proposed divestiture required by Section IV or V of this Final Judgment. If the trustee is responsible, it shall similarly notify defendants. The notice shall set forth the details of the proposed divestitures and list the name, address, and telephone number of each person not previously identified who offered or expressed an interest in or desire to acquire any ownership interest in the Divestiture Assets, together with full details of the same.

B.      Within fifteen (15) calendar days of receipt of such notice by the United States, the State of Missouri, and the State of Nebraska, the United States may request from defendants, the proposed Acquirer, any other third party, or the trustee, if applicable, additional information concerning the proposed divestitures, the proposed Acquirer and any other potential Acquirer. Defendants and the trustee shall furnish any additional information requested within fifteen (15) calendar days of the receipt of the request, unless the parties shall otherwise agree.

C.      Within thirty (30) calendar days after receipt of the notice or within twenty (20) calendar days after the United States has been provided the additional information requested from defendants, the proposed Acquirer, any third party, and the trustee, whichever is later, the United States shall provide written notice to defendants and the trustee, if there is one, stating whether or not it objects to the proposed divestitures. If the United States, after consultation with the State of Missouri and the State of Nebraska, provides written notice that it does not object, the divestitures may be consummated, subject only to defendants' limited right to object to the

11

sale under paragraph V(C) of this Final Judgment. Absent written notice that the United States does not object to the proposed Acquirer or upon objection by the United States, a divestiture proposed under Section IV or Section V shall not be consummated. Upon objection by defendants under paragraph V(C), a divestiture proposed under Section V shall not be consummated unless approved by the Court.

## VII. NOTICE OF FUTURE ACQUISITIONS

A.      Unless such transaction is otherwise subject to the reporting and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended, 15 U.S.C. § 18a (the "HSR Act"), Stericycle, without providing advance notification to the United States, the State of Missouri, and the State of Nebraska, shall not directly or indirectly acquire, any (1) interest in any business located in Kansas, Missouri, Nebraska, and Oklahoma that is engaged in the collection and treatment of infectious waste; (2) other than in the ordinary course of business, assets located in Kansas, Missouri, Nebraska, and Oklahoma that are used in the collection and treatment of infectious waste; or (3) capital stock or voting securities of any person that, at any time during the twelve (12) months immediately preceding such acquisition, was engaged in the collection and treatment of infectious waste in Kansas, Missouri, Nebraska, or Oklahoma, where that person's annual revenues in these states from the collection and treatment of infectious waste were in excess of $500,000.

B.      Such notification shall be provided to the United States, the State of Missouri, and the State of Nebraska in the same format as, and per the instructions relating to the Notification and Report Form set forth in the Appendix to Part 803 of Title 16 of the Code of Federal Regulations as amended, except that the information requested in Items 5 through 9 of the

instructions must be provided only about the collection and treatment of infectious waste. Notification shall be provided at least thirty (30) calendar days prior to acquiring any such interest, and shall include, beyond what may be required by the applicable instructions, the names of the principal representatives of the parties to the agreement who negotiated the agreement, and any management or strategic plans discussing the proposed transaction. If within the 30-day period after notification, representatives of the United States make a written request for additional information, Stericycle shall not consummate the proposed transaction or agreement until thirty (30) calendar days after submitting all such additional information. Early termination of the waiting periods in this paragraph may be requested and, where appropriate, granted in the same manner as is applicable under the requirements and provisions of the HSR Act and rules promulgated thereunder. This Section shall be broadly construed and any ambiguity or uncertainty regarding the filing of notice under this Section shall be resolved in favor of filing notice.

## VIII. **FINANCING**

Defendants shall not finance all or any part of any purchase made pursuant to Section IV or V of this Final Judgment.

## IX. **HOLD SEPARATE**

Until the divestitures required by this Final Judgment have been accomplished, defendants shall take all steps necessary to comply with the Hold Separate Stipulation and Order entered by this Court. Defendants shall take no action that would jeopardize the divestitures ordered by this Court.

## X. **AFFIDAVITS**

A.      Within twenty (20) calendar days of the filing of the Complaint in this matter, and

every thirty (30) calendar days thereafter until the divestitures have been completed under

Section IV or V, defendants shall deliver to the United States, the State of Missouri, and the State

of Nebraska an affidavit as to the fact and manner of its compliance with Section IV or V of this

Final Judgment.  Each such affidavit shall include the name, address, and telephone number of

each person who, during the preceding thirty (30) calendar days, made an offer to acquire,

expressed an interest in acquiring, entered into negotiations to acquire, or was contacted or made

an inquiry about acquiring, any interest in the Divestiture Assets, and shall describe in detail each

contact with any such person during that period.  Each such affidavit shall also include a

description of the efforts defendants have taken to solicit buyers for the Divestiture Assets, and to

provide required information to prospective Acquirers, including the limitations, if any, on such

information.  Assuming the information set forth in the affidavit is true and complete, any

objection by the United States, after consultation with the State of Missouri and the State of

Nebraska, to information provided by defendants, including limitation on information, shall be

made within fourteen (14) calendar days of receipt of such affidavit.

B.      Within twenty (20) calendar days of the filing of the Complaint in this matter,

defendants shall deliver to the United States an affidavit that describes in reasonable detail all

actions defendants have taken and all steps defendants have implemented on an ongoing basis to

comply with Section IX of this Final Judgment.  Defendants shall deliver to the United States,

the State of Missouri, and the State of Nebraska, an affidavit describing any changes to the

14

efforts and actions outlined in defendants' earlier affidavits filed pursuant to this section within fifteen (15) calendar days after the change is implemented.

      C.     Defendants shall keep all records of all efforts made to preserve and divest the Divestiture Assets until one year after such divestitures have been completed.

## XI.  COMPLIANCE INSPECTION

      A.     For the purposes of determining or securing compliance with this Final Judgment, or of determining whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time authorized representatives of the United States Department of Justice Antitrust Division ("DOJ"), including consultants and other persons retained by the United States, shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to defendants, be permitted:

            1.     access during defendants' office hours to inspect and copy, or at the option of the United States, to require defendants to provide hard copy or electronic copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

            2.     to interview, either informally or on the record, defendants' officers, employees, or agents, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by defendants.

15

B.      Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, defendants shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

C.      No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

D.      If at the time information or documents are furnished by defendants to the United States, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States shall give defendants ten (10) calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## XII. NO REACQUISITION

During the term of this Final Judgment, defendants may not reacquire any part of the Divestiture Assets, nor may any defendant participate in any other transaction that would result in a combination, merger, or other joining together of any part of the Divestiture Assets with assets of the divesting company.

16

## XIII. **RETENTION OF JURISDICTION**

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## XIV. **EXPIRATION OF FINAL JUDGMENT**

Unless this Court grants an extension, this Final Judgment shall expire ten (10) years from the date of its entry.

## XV. **PUBLIC INTEREST DETERMINATION**

Entry of this Final Judgment is in the public interest.  The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States's responses to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Date: _April 29, 2010_

<div style="margin-left:40%">

Court approval subject to procedures
of Antitrust Procedures and Penalties
Act, 15 U.S.C. § 16

_[signature]_
United States District Judge

</div>